UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

DAARON EDWARD KING,

    Petitioner,

v.

WARDEN DAVID PAUL,

    Defendant.

Civil Action No. 5:23-207-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Daaron Edward King is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, King filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he suggests that he should be released from federal prison early because he participated in the Federal Bureau of Prisons' (BOP's) Residential Drug Abuse Program (RDAP). [R. 1]. The Respondent filed a response in opposition to King's petition [R. 8], and King filed a reply brief in support of his pleading [R. 13]. Thus, this matter is ripe for a decision.

The Court has fully reviewed the parties' filings and will deny King's request for relief. Federal law provides that when "a prisoner convicted of a *nonviolent* offense remains in custody after successfully completing" the RDAP, the BOP "*may*" (but is not required to) reduce that prisoner's sentence by up to one year. 18 U.S.C. § 3621(e)(2)(B) (emphasis added). To implement this statute, the BOP promulgated regulations which provide that an inmate is not eligible for early release if he has a current felony conviction for an offense that "involved the carrying, possession, or use of a firearm" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." 28 C.F.R. § 550.55(b)(5)(ii), (iii).

Here, the BOP applied the foregoing statute and regulations to King's case and determined that he was ineligible for early release.  That is because King pled guilty to possession with the intent to distribute 50 grams or more of methamphetamine, and his presentence report indicated that he possessed dangerous weapons—a stolen Ruger 9-millimeter pistol and a Henry Deringer Sr. & Jr., .38 Special pistol—during his crime, which resulted in a two-level sentence enhancement. [*See* R. 10].  Given the nature of King's offense, the BOP exercised its discretion and denied him an early release.  [*See* R. 8-1 at 6].  That determination is consistent with case law.  *See Lopez v. Davis*, 531 U.S. 230, 238-45 (2001); *Boucher v. Lamanna*, 27 F. App'x 279, 280-81 (6th Cir. 2001) ("[T]he BOP's determination to exclude Boucher from early release consideration due to his possession of a firearm in connection with a drug offense is both reasonable and permissible."). Ultimately, King has not cited any legal authority demonstrating that the BOP's decision was erroneous or that he is otherwise entitled to habeas relief.  Thus, his petition is simply unavailing.

Accordingly, it is **ORDERED** that:

1. King's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This the 19th day of September, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

2